UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEVIN WATKINS,

    Petitioner,

v.                                      Case No. 3:17-cv-976-J-34JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,
    Respondents.
_____

## ORDER

### I. Status

Petitioner Kevin Watkins, an inmate of the Florida penal system, initiated this action with the assistance of counsel on September 18, 2017, by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1), with exhibits (Pet. Ex.),[1] in the United States District Court Northern District of Florida. The Northern District transferred the case to this Court on September 19, 2017. See Doc. 11. In the Petition, Watkins challenges a 2009 state court (Duval County, Florida) judgment of conviction for two counts of sexual battery. Watkins raises fives grounds for relief. See Petition at 5-15.[2] Respondents submitted an answer in opposition to the Petition. See Answer (Motion to Dismiss as Untimely) (Response; Doc. 28) with exhibits (Resp. Ex.). Watkins filed a brief

---

    [1] For purposes of reference, the Court will refer to the "tab number" Watkins assigned his exhibits as the Exhibit number.
    [2] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

in reply. See Response to Government's Answer (Motion to Dismiss as Untimely) (Reply; Doc. 32). This case is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that this action is untimely. Response at 2-5. In his Petition, Watkins argues that he is actually innocent and failing to address the merits of his Petition would result in a miscarriage of justice. Petition at 14-15. Watkins also argues that newly discovered forensic evidence entitles him to the factual predicate exception to the statute of limitations as expressed in § 2254(e)(2)(A)(ii).[3] Additionally, in his Reply, Watkins contends he is entitled to a rebuttal presumption that he equitably tolled the statute of limitations because the attorney who Watkins hired to file the Petition died after filing it. Reply at 2. As such, Watkins maintains that it is impossible to determine if Watkins's original habeas attorney committed the type of unprofessional conduct that would warrant equitable tolling. Id. According to Watkins, "it does not follow that because we are unaware of any extraordinary circumstances there were in fact none." Id. The following procedural history is relevant to the one-year limitations issue.

The State of Florida (State) charged Watkins with two counts of sexual battery. Resp. Ex. A. After a jury convicted him on both counts, the state circuit court sentenced Watkins to a term of incarceration of fifteen years in prison followed by ten years of sex offender probation as to both counts. Id. Watkins appealed to Florida's First District Court of Appeal (First DCA), which, on October 13, 2010, affirmed the conviction and sentence as to count one but reversed the conviction and sentence as to count two. Resp. Ex. B. The First DCA issued the Mandate on December 15, 2010. Resp. Ex. D. Following remand, on April 4, 2011, the circuit court entered a judgment of not guilty as to count

---

[3] The Court notes this section refers to evidentiary hearings. However, §2244(d)(1)(D) does allow for the statute of limitations to be calculated from the date on which the factual predicate of the claim could have been discovered with the exercise of due diligence.

3

two. Resp. Ex. C. Watkins again appealed the judgment and sentence for count one, but voluntarily withdrew the appeal on June 20, 2011. Resp. Ex. E. The First DCA dismissed the appeal on June 22, 2011. Id.

As Watkins's conviction and sentence became final after the effective date of AEDPA, his Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1). Respondents contend, and Watkins does not dispute, that Watkins's judgment became final on June 22, 2011, when the First DCA dismissed his appeal. Response at 3; see generally Petition; Reply. As such, Watkins had until June 22, 2012, to file a federal habeas petition. Watkins did not file the Petition until September 18, 2017. Thus, the Petition is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

The record reflects that Watkins, with the assistance of counsel, filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (Rule 3.850 Motion) on June 11, 2012, 355 days after his judgment and sentence became final.[4] Resp. Ex. F. The circuit court denied the Rule 3.850 Motion on June 28, 2013. Id. On December 20, 2013, the First DCA per curiam affirmed the denial of the Rule 3.850 Motion. Resp. Ex. G. Watkins moved for rehearing, which the First DCA denied on January 29, 2014, and issued the Mandate on February 14, 2014. Id. Accordingly, the statute of limitations period began to run again on February 14, 2014. See Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (noting pursuant to Florida law, a circuit court's denial of a postconviction motion is pending until the mandate is issued). Watkins had until February 25, 2014, to file a timely petition for writ of habeas corpus in this federal court or file

---

[4] Respondents note that 2012 was a leap year that included 366 days.

another postconviction motion that would have tolled the statute of limitations. Watkins did not file any other motions in state court that could have tolled the one-year statute of limitations until September 23, 2014, when he filed a pro se petition for writ of habeas corpus. Resp. Ex. H at 40. However, by that time more than 200 days had passed since the one-year statue of limitations had expired. As Watkins did not file any motions that would have tolled the statute of limitations between February 14, 2014, and February 25, 2016, the instant Petition is untimely. Watkins, nevertheless, contends the merits of his case should be heard for three reasons, which the Court will examine separately.

**Actual Innocence**

In McQuiggin v. Perkins, 569 U.S. 383, 386 (2013), the United States Supreme Court held that a claim of actual innocence, if proven, provides an equitable exception to the one-year statute of limitations. The United States Supreme Court explained:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup[5] and House,[6] or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S., at 329, 115 S.Ct. 851; see House, 547 U.S. at 538, 126 S.Ct. 2064 (emphasizing that the Schlup standard is "demanding" and seldom met). And in making an assessment of the kind Schlup envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. Schlup, 513 U.S., at 332, 115 S.Ct. 851.

Id. at 386-87.

---

[5] Schlup v. Delo, 513 U.S. 298 (1995).
[6] House v. Bell, 547 U.S. 518 (2006).

5

In the Petition, Watkins alleges he is actually innocent and in support asserts that the state circuit court did not allow him to introduce evidence concerning the victim's sexually transmitted disease (STD) and forensic evidence discovered after his trial that allegedly demonstrated that the state relied on a fabricated email to convict him. Petition at 5-10, 14-15. Concerning the STD, at trial Watkins proffered testimony that during her high school years, the time at which the victim alleged the crime occurred, the victim had chlamydia three times and received medical treatment for it. Id. at 424-25. Watkins also proffered that he never had chlamydia. Id. The circuit court found this testimony had no probative value and did not allow Watkins to testify to the same in front of the jury. Id. at 426. Watkins now maintains that the circuit court was under the misconception that chlamydia could only be spread via sexual intercourse. Petition at 6. The Court notes that the victim testified that Watkins would "grind" on her while their clothes were on and made her lick his anus, testicle, and balls. Pet. Ex. 11 at 164-73. However, the victim never testified that Watkins had intercourse or performed oral sex on her. Id. Accordingly, as Watkins would never have performed oral or vaginal sex with the victim, he would not have been able to contract chlamydia from her as neither his bare penis or mouth came in contact with her sexual organs. See Chlamydia - CDC Fact Sheet, Centers for Disease Control and Prevention, https://www.cdc.gov/std/chlamydia/stdfact-chlamydia.htm (last visited March 5, 2020) ("You can get chlamydia by having vaginal, anal, or oral sex with someone who has chlamydia."). Therefore, evidence regarding the victim's diagnosis of chlamydia would not have been exculpatory and, in turn, does not support Watkins's claim of actual innocence.

Regarding the email, Watkins asserts that he hired a forensic computer analyst after the trial to examine his computer and the expert opined that the email presented at trial had never been sent, received, or deleted by Watkins and was in fact forged. Petition at 8. However, at trial, Watkins specifically testified that he received the email, read the first few lines, and then deleted it. Pet. Ex. 12 at 372-73, 412. Likewise, during a controlled call, Watkins stated that he received the email. Pet. Ex. 11 at 317. On cross-examination, the prosecutor showed Watkins the email, allowing him to review it. Pet. Ex. 12 at 412. After reviewing the email, Watkins acknowledged receiving it and gave specific testimony about which parts he actually read. Id. Accordingly, Watkins's own trial testimony refutes his claim that he never received or deleted the email. The Court further notes that during the controlled call, the victim twice mentioned the specific sex acts Watkins made the victim perform on him, and on neither occasion did Watkins deny or take offense to these statements. Pet. Ex. 11 at 315-30. Instead, Watkins expressed sympathy and apologized. Id. Moreover, the sex acts Watkins had the victim perform were substantially similar to the sex acts the victim's mother testified Watkins would have her perform on him. Id. at 168-73, 254-256. On this record, Watkins has not met the "demanding" Schlup standard because he has not convinced this Court that in light of this allegedly new evidence, no juror, acting reasonably, would have voted to find him guilty as charged. A reasonable juror could find Watkins's trial testimony that he did receive and delete the email credible over his expert's opinion that it was never received or deleted on Watkins's <u>personal computer</u>, which does not refute that it could have been received or deleted via another computer or cellular device. Accordingly, Watkins has failed to establish his claim of

actual innocence; therefore, his allegations here cannot overcome his failure to timely file the Petition. See McQuiggin, 569 U.S. at 386-87.

**Newly Discovered Evidence**

Pursuant to § 2244(d)(1)(D), the statute of limitations for filing a petition shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" if that date is later than the date the petitioner's state court judgment became final. The due diligence contemplated in § 2244(d)(1)(D) "must be determined on a case-by-case basis relative to the factual predicate." Cole v. Warden, Georgia State Prison, 768 F.3d 1150, 1156 (11th Cir. 2014). Here, the Court finds Watkins or his counsel could have discovered the evidence regarding his computer prior to his trial had they exercised due diligence. Watkins does not dispute that he and his attorney had access to his computer. Thus, had Watkins actually believed he never received the email, he could have had his computer analyzed prior to trial just as he did after his conviction.[7] As such, Watkins cannot rely on § 2244(d)(1)(D) to assert that his second claim, involving newly discovered evidence, is timely because he has not shown that he exercised due diligence.

Nonetheless, even if timely, the Court finds that the state court's adjudication of this claim is entitled to deference. AEDPA governs a state prisoner's federal petition for habeas corpus. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S. Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions

---

[7] Based on Watkins's trial testimony, it is evident he knew the email had been sent, which would explain why he did not have his computer analyzed before trial.

in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011) (quotation marks omitted)). As such, federal habeas review of final state court decisions is "'greatly circumscribed' and 'highly deferential.'" Id. (quoting Hill v. Humphrey, 662 F.3d 1335, 1343 (11th Cir. 2011) (quotation marks omitted)).

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the claim on the merits. See Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016). The state court need not issue a written opinion explaining its rationale in order for the state court's decision to qualify as an adjudication on the merits. See Harrington v. Richter, 562 U.S. 86, 100 (2011). Where the state court's adjudication on the merits is unaccompanied by an explanation, the United States Supreme Court has instructed:

> [T]he federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.

Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018). The presumption may be rebutted by showing that the higher state court's adjudication most likely relied on different grounds than the lower state court's reasoned decision, such as persuasive alternative grounds that were briefed or argued to the higher court or obvious in the record it reviewed. Id. at 1192, 1196.

If the claim was "adjudicated on the merits" in state court, § 2254(d) bars relitigation of the claim unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable

9

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Richter, 562 U.S. at 97-98. Also, deferential review under § 2254(d) generally is limited to the record that was before the state court that adjudicated the claim on the merits. See Cullen v. Pinholster, 563 U.S. 170, 182 (2011) (stating the language in § 2254(d)(1) "requires an examination of the state-court decision at the time it was made").

Thus, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 134 S. Ct. 10, 16 (2013). "Federal courts may grant habeas relief only when a state court blundered in a manner so 'well understood and comprehended in existing law' and 'was so lacking in justification' that 'there is no possibility fairminded jurists could disagree.'" Tharpe, 834 F.3d at 1338 (quoting Richter, 562 U.S. at 102-03). This standard is "meant to be" a "difficult" one to meet. Richter, 562 U.S. at 102. Thus, to the extent that the petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under 28 U.S.C. § 2254(d).

Here, Watkins raised this claim of newly discovered evidence with the circuit court, Resp. Ex. F at 5-7, and the circuit denied relief on the claim based on Watkins's trial testimony that he received the email and the controlled call in which Watkins acknowledged receipt of the email. Id. at 59-60. The First DCA per curiam affirmed the denial of relief without a written opinion. Ex. G. To the extent that the First DCA decided the claim on the merits,[8] the Court will address the claim in accordance with the

---

[8] In looking through the appellate court's per curiam affirmance to the circuit court's "relevant rationale," the Court presumes that the appellate court "adopted the same reasoning." Wilson, 138 S. Ct. at 1194.

deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Watkins is not entitled to relief on the basis of this claim.

Even if the state court's adjudication of this claim was not entitled to deference, Watkins's claim is meritless. As explained above, Watkins specifically acknowledged at trial that he received, partially read, and deleted the email. He also did so during the controlled call, the same controlled call in which Watkins did not contest the victim's statements regarding the sexual acts she performed on Watkins. Based on Watkins's own admissions regarding his receipt of the email and the controlled call coupled with the victim's testimony, a reasonable juror could find Watkins guilty beyond a reasonable doubt. As such, Watkins is not entitled to federal habeas relief on the basis of this claim.

## Equitable Tolling

A petitioner establishes equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "'[A] garden variety claim of excusable neglect' . . . does not warrant equitable tolling." Id. at 651-52 (citations omitted). Notably, a "petitioner has the burden of proof to show that equitable tolling is required in any particular case." Bell v. Florida Atty. Gen., 461 F. App'x 843, 845 (11th Cir. 2012) (citing San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011)). Watkins has not met his

burden of proving that he is entitled to equitable tolling as he has offered nothing to support a claim that extraordinary circumstances prevented him from timely filing. Instead, he merely speculates that such circumstances could have possibly existed. Accordingly, equitable tolling does not apply to Watkins's untimely Petition. In light of the above, the Court finds the Petition is due to be denied as untimely.

## III. Certificate of Appealability

## Pursuant to 28 U.S.C. § 2253(c)(1)

If Watkins seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Watkins "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would

12

find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DISMISSED WITH PREJUDICE**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing the Petition and dismissing this case with prejudice.

3. If Watkins appeals the dismissal of the Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of April, 2020.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Jax-8

C: Kevin Watkins #J38678
Counsel of record